## MINARD L. WATERMAN

*v.*

## REUBEN RAYMOND.

1. SURVEY, RECORD OF — *certified copy evidence on question of boundary.* In a suit for the recovery of the penalty for obstructing a public highway, and it appears that the road had been located on a section line, and the controversy was as to where the section line was to be found, a certified copy of the county surveyor's record of the survey of the section at a previous time, tends to prove where the line may be found, and is proper evidence to go to the jury, and held to be error to reject it.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. M. E. HOLLISTER, Judge, presiding.

This was an action of debt, under the statute, for obstructing a highway, instituted before a justice of the peace of Grundy county, by Reuben Raymond, who sues for himself and on behalf of the county of Grundy, and against Minard L. Waterman. A trial was had before the justice of the peace, resulting in a judgment against defendant for twenty-three dollars and the costs of suit. The cause was removed to the Circuit Court by appeal. A change of venue was afterwards had to the Circuit Court of Kendall county. At the January term of that court a trial was had, before the court and a jury.

On the trial, in the court below, the defendant proved the record book of surveys kept by Thomas A. Henry, and that he had been a public surveyor of Grundy county, and that he was dead; the book was offered in evidence but it was rejected by the court. He then offered to read to the jury a certified copy of an entry of a survey made, in the record book kept by Henry whilst he was the county surveyor of Grundy county, certified by McBride, then the county surveyor, to be a correct copy. It is this:

Record of a survey of section 18, T. 34, R. 6 east, of 3d P. M., and subdivision into qr. section of the same, made May 23d, 1849, for Thomas Longhead, Joseph Perkins, David Jan-

nison and Frank Hall, viz.: Commenced at mound at the N. E. cor. of said sec; thence west va. 6 deg. 28. m. dist. 72.02 to mound; thence south 6 deg. 15 m. dist. 80.07½ to mound; thence east va. 6 deg. 15 m. dist. 72.19 to mound; thence north va. 6 deg. 07½ m. dist. 80.26 to place of beginning. The subdivisions are marked in figures upon the lines.

THOMAS A. HENRY,
*County Surveyor of Grundy County, Ill.*

I hereby certify the above to be a true and correct copy of the original Record of survey in my office as copied by me from the same.

Morris, March 9th, 1864.           N. McBRIDE,
*County Surveyor of Grundy County, Ill.*

To the reading of the certificate to the jury, plaintiff objected, and the court sustained the objection and refused to permit it to be read in evidence; and defendant excepted.

The jury found the issues for the plaintiff, and the debt to be ten dollars. Defendant entered a motion for a new trial, which was overruled by the court, and a judgment was rendered on the verdict. To reverse the judgment, defendant brings the case to this court by writ of error; and, amongst others, assigns for error the rejection of the certified copy of the record of the survey made by Henry.

Messrs. GRAY, AVERY & BUSHNELL, for the plaintiff in error.

1. The court erred in refusing to admit proper evidence offered by the defendant below.

The death of Thomas A. Henry, county surveyor, was shown. His original book was offered and refused, and exceptions taken. The certified copy was offered and excluded.

We submit this was competent under the statute. See ch. CIII. Surveyors, sec. 7, R. S. 1845, p. 524.

The court will see its importance.

The section corner at the N. W. corner of section 20, called by the witnesses the "Grave Yard Corner," would have been identified by it. All the witnesses speak of the stone set there

by Henry when he made this survey in 1849. It shows that, at that time, the government mound there was visible, and was far west of the place sworn to by the plaintiff's witnesses, and was near the point fixed by the surveyors Kiersted, Matthewson and McBride, who testified for the defendant below.

It would have shown further, that section 18 was short of the government measurement, and would have dissipated the false theory of the surveyor Ewers (who admits he missed one point just one-half a mile,) that lost corners were to be found by measurements east and west, and then equalizing, so as to give each man his due proportion of land, supposing all sections to be full.

Messrs. DICKEY & WHEATON, for the defendant in error.

The record of Henry, county surveyor, was sought to be offered in evidence by defendant below under sec. 7, ch. 103, R. S. That section applies, as we claim, only to questions of private boundaries of land, and it is therein made the duty of the surveyor to note in his book the survey made by him at the request of any person, giving the name of the person *whose land is surveyed*; and such record shall be subject to the inspection of any person who *may think himself interested*, and a certified copy thereof shall be admitted as *prima facie* evidence, &c., the object and scope of the statute evidently being to provide a means only to private individuals of establishing in the first instance their boundaries of the land when called in question.

But the record sought to be introduced was that of a survey made for private individuals to establish private boundaries, and in which the public had no interest, to which the public was not a party, and certainly could not be *prima facie* evidence, against the public, of any point along the line of the road in controversy, and was properly rejected by the court below.

The record was not admissible in evidence according to any of the known rules of evidence, but if admissible at all it was under the statute.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action commenced before a justice of the peace, to recover a penalty for obstructing a public highway. It resulted in a judgment against plaintiff in error, who prosecuted an appeal to the Circuit Court, where the cause was tried before the court and a jury, when a verdict was found against him, and judgment was rendered upon the verdict, from which this writ of error is prosecuted. There are numerous errors assigned upon the record, only one of which we deem it necessary to consider.

On the trial below plaintiff in error proved the death of Thomas A. Henry, a former county surveyor. He then offered his original book of the minutes of surveys, which the court refused to admit in evidence, and exception was taken. He then offered the certificate of a survey made by Henry as county surveyor, of section eighteen, taken from the original records of surveys in the county surveyor's office and duly certified to be a correct copy from the original, but it was likewise rejected by the court, and exceptions were taken. The complaint charges, and the whole controversy grows out of, the obstruction of a road located on the west line of section twenty. The survey and location of the road calls for that line, and when that can be ascertained, the question as to whether the road was obstructed becomes of easy solution. But owing to the obliterating effects of time, the difference in the memory of witnesses, and the impossibility of reducing the principles of mathematics with accuracy and precision, to practical application, we find in this as in many other cases, that the identification of a corner, or the tracing of a line of a survey, long since made, is attended with difficulty, and its correctness is hard to demonstrate.

But inasmuch as the section course of seventeen, eighteen, nineteen and twenty is common to each, and forms one end of the lines dividing those sections, it is important to ascertain its precise location and identity. The line between nineteen

and twenty being in dispute, if the original course, common to each of these four sections is found and established, the north end of the line between nineteen and twenty would thereby be ascertained, and this would necessarily aid largely in ascertaining the original line between sections nineteen and twenty. In this view and for this purpose, any legitimate evidence tending to establish the common corner to these four sections, would be eminently proper, and should be admitted.

The seventh section of the act regulating the duties of surveyors (R. S. 524), provides, that each county surveyor shall provide himself with a well bound book, in which to note each survey made by him. He is required to carefully note the same therein, giving the name of the person, the survey of whose land is so recorded, and describing, as near as practicable, the metes and bounds, and note the date of the survey. It also declares that such record shall be open to inspection by every person who may think himself interested. It also provides that a certified copy of the survey, under the hand of the surveyor, shall be admitted as *prima facie* evidence in any court of record in this State. Now, it appears that Henry was a county surveyor, who made the entry in the discharge of his official duty, and in the mode required by the statute. The copy of the minutes of that survey was duly certified by the county surveyor, and this copy tended to prove the issue, and was *prima facie* evidence, and the certificate should have been admitted. In rejecting this evidence the court below erred, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*